**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

**In re Brian K. Hamlett**                                          **Case No. 14-61814**
**and Yvonne Y. Hamlett**

**Debtors.**
-------------------------------------------------------------------------------------------------------

**M. B. Long,**

        **Plaintiff,**

**v.**                                                          **A. P. No. _____**

**Yvonne Y. Hamlett**

        **Defendant.**

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Now comes the plaintiff, M. B. Long ("Long") by counsel, and respectfully moves this court to enter an order finding that the debt owed by Yvonne Y. Hamlett ("Hamlett") to Long set forth below is excepted from the debtor's discharge, pursuant to 11 U.S.C. section 523(a), on the following grounds:

**Background Facts**

1.      On September 23, 2014, the debtors filed their voluntary petition for Chapter 13 bankruptcy protection.

2.      The court has jurisdiction of this Adversary Proceeding pursuant to 28 U. S. C. § 1334 and 28 U. S. C. § 157.  This is a core proceeding.

3.      Hamlett is a resident of Campbell County, Virginia.

4.      Long is a resident of Lynchburg, Virginia.

1

5.      Prior to the filing of the debtors' petition, Hamlett executed a Note dated November 26, 2012 ("Note"), in the original principal amount of $26,500.00, payable as stated therein.  See Note attached hereto as Exhibit A.  Mr. Long is the holder of this note.

6.      Before Hamlett approached Long about a loan, Hamlett had an existing loan from her 401(k) account ("Fidelity Loan") with Fidelity Investments.

7.      Upon information and belief, Fidelity Investments is a trade name for a group of separate but affiliated services companies, one of which is Fidelity Employer Service Company, LLC ("Fidelity"), which provides administrative recordkeeping services to employer-sponsored qualified retirement plans.

8.      Hamlett approached Long, requesting a loan of $26,500.00 and represented to Long that $26,200.00 would satisfy the Fidelity Loan.

9.      Hamlett further represented to Long that thirty (30) days after satisfaction of the Fidelity Loan, the 401(k) plan rules allowed Hamlett to borrow half of the 401(k) account balance.  She also represented to Long that after paying back her the Fidelity Loan, the balance in her account would be high enough so that one half of the balance would allow her to pay Long the entire balance due to him under his Note on the 31st day after she paid back the Fidelity Loan.

10.     Shortly before he loaned the money, Long asked Hamlett to call Fidelity and obtain both oral and written confirmation of her representations, i.e., that half of the 401(k) account balance would be available within thirty (30) days after satisfaction of the Fidelity Loan and that half would be enough to do so.

11.     Hamlett told Long that she called Fidelity and confirmed the plan rules, but that the Fidelity representative was unwilling to give written confirmation.

2

12. After Long asked her to verify the information and contrary to her representation, Hamlett never called Fidelity. Although Hamlett had talked to a representative on prior occasions, she had not done so since late 2011, nearly a year earlier.

13. Hamlett led Long to believe that Hamlett had multiple telephone conversations with Fidelity representatives about the plan rules while Long and Hamlett continued loan negotiations.

14. Hamlett has a long history of obtaining loans from her 401(k) account. Before the Note, she had obtained at least four loans through Fidelity so she certainly understood the plan rules.

15. Over two conversations on August 7, 2009 and August 8, 2009, when Hamlett called Fidelity about the amount of funds available for a loan, a Fidelity representative explained to her that she could obtain half of her account value, less the highest outstanding loan balance within the previous 12 months.

16. When Hamlett falsely reported to Bill that she had confirmed the plan rules, but was unable to obtain written confirmation, Hamlett sent a facsimile to Long enclosing a copy of an electronic statement displaying both her account balance and Fidelity Loan balance as of November 26, 2012. See Electronic Account Statement attached as Exhibit B.

17. The electronic statement indicated a balance of $45,820.37. With the addition of $26,205.45, according to Hamlett, the new account balance would be $72,025.82, of which half would be eligible to satisfy the loan from Long.

18. Before execution of the Note, Hamlett again represented that she would repay Long $30,500 by December 31, 2012. Hamlett wanted to quickly pay off the loan to Long as she indicated to Long that she had not told her husband of the loan.

3

19.    Based upon all of Hamlett's representations, Long loaned Hamlett the funds, fully expecting to be paid back in approximately one month, and she executed the Note.

20.    Shortly thereafter, Hamlett satisfied the Fidelity Loan, but was limited to a withdrawal of only $19,000.  Apparently, based on the plan rules, which Hamlett knew, she could only access half of the account balance, less the highest outstanding loan balance within the previous 12 months.  Because she had a loan balance of approximately $31,000 within the last 12 months, Hamlett could only withdraw $19,000 after paying back the Fidelity Loan.

21.    Then, even though Hamlett withdrew $19,000 from her 401(k), she only applied $14,000 against the Note, a fact consistent with her intent to induce Long to loan the money and not fully repay him.

22.    The Note remains unpaid and the principal balance is $16,500, plus late fees of $825, plus interest, costs and reasonable attorney's fees as allowed under the Note.  Interest and attorney's fees continue to accrue.

## Count 1

### (False Pretenses, False Representation and Fraud to Obtain Money)

23.    Long realleges and restates the allegations contained in Paragraphs 1 through 22.

24.    Hamlett committed false representations to Long that (i) she had called Fidelity to verify the 401(k) plan rules after Long asked her to do so, (ii) the 401(k) plan rules allowed the withdrawal of half of the account balance within thirty (30) days of satisfaction of the Fidelity Loan, and (iii) a Fidelity representative was unwilling to verify the plan rules in writing.

25.    At the time Hamlett made the representations, she knew the representations

4

were false because (i) Hamlett never called Fidelity after Long requested her to verify the plan

rules and (ii) a Fidelity representative, during the course of obtaining prior loans against her

401(k) account, explained plan rules different than what she represented to Long.

26.    Hamlett made the false representations to Long with the intent of defrauding

Long and inducing him to loan money.

27.    Long justifiably relied upon Hamlett's false representations, independently and

also coupled with the account statement furnished by Hamlett.

28.    As a direct and proximate result of Hamlett's false representations, Long was

damaged in the principal amount of $16,500, late fees of $825, plus accrued interest at the

stipulated annual rate of 30% from December 31, 2012, costs and reasonable attorney's fees.

29.    Long should be granted judgment against Hamlett for these amounts, and this

debt should be excepted from the debtor's discharge, pursuant to 11 U. S. C. § 523(a).

WHEREFORE, M. B. Long, by counsel, hereby respectfully requests this court to order

the following:

(i)    Order that $16,500, late fees of $825, plus accrued interest at the stipulated annual
rate of 30% from December 31, 2012, be excepted from the Debtor's discharge in this
case, pursuant to 11 U.S.C. § 523(a),

(ii)    Order that Long be awarded his costs expended herein and his attorneys fees as
provided for under Paragraph 6 of the Note as part of such nondischargeable debt;
and

(iii)    Order such other and further relief which as to the court may seem appropriate.

M.B. LONG

Date:  February 26, 2015          By ___/s/ Chad A. Mooney___

5

Paul J. Feinman
VSB # 29669
Chad A. Mooney
VSB # 75211
Petty, Livingston, Dawson & Richards
P. O. Box 1080
Lynchburg, VA  24505
Telephone:  434/846-2768
Facsimile:  434/847-8195
pfeinman@pldrlaw.com
cmooney@pldrlaw.com

Certificate of Service

The undersigned hereby certifies that on this 26th day of February 2015, he has filed this

Complaint using this court's CM/ECF filing system which will serve a copy of the Complaint on

counsel for the debtor by electronic mail.


 /s/ Chad A. Mooney